BEFORE THE SECOND DIVISION, APRIL 24, 1946

No. 51039.—Protests 928548–G, etc., of Katz Berk Hat Body Corp. (New York).

Opinion by TILSON, J. The record established that certain items of the merchandise consist of hats similar in all material respects to those the subject of Abstract 47291. Upon the established facts and following the authority cited the merchandise in question was held dutiable as claimed.

No. 51040.—Protests 14946–K, etc., of A. Gluckman, Inc., et al. (New York).

Opinion by TILSON, J. The record showed that certain items of the merchandise consist of manila hemp hats similar in all material respects to those the subject of *United States* v. *Armand Schwab* (30 C. C. P. A. 72, C. A. D. 218). Upon the established facts and following the authority cited the merchandise in question was held dutiable as claimed.

No. 51041.—Protest 111186–K of Boutross Bros. (New York).

Opinion by TILSON, J. It was stipulated that certain items of the merchandise consist of pincushions similar in all material respects to those the subject of Abstracts 48406 and 49006, save that the involved merchandise is made or cut from material composed in chief value of silk. In accordance therewith and following the cited authorities the claim at 65 percent under paragraph 1211 was sustained.

BEFORE THE THIRD DIVISION, APRIL 24, 1946

No. 51042.—Protests 38885–K, etc., of A. Fantis et al. (New York).

. Opinion by KEEFE, J. It was stipulated that certain items of the merchandise consist of cheese similar in all material respects to that the subject of *Scaramelli* v. *United States* (9 Cust. Ct. 270, C. D. 706) and Abstract 42146. In accordance therewith it was held that an allowance of 2½ percent should have been made in the weight of the cheese by the collector in computing the duty thereon to compensate for the weight of the inedible coverings on the outside of the cheese. The protests were sustained to this extent.